```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**NATHAN SMITH,**

                         **Plaintiff,**

          **v.**                                     CASE NO. 22-3005-SAC

**UNITED STATES OF AMERICA, et al.,**

                         **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed by a detainee in the Geary County Detention Center. The court construes the action as a filing under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff proceeds pro se and in forma pauperis.

### Nature of the Complaint

Plaintiff alleges that between April 26, 2010, and January 17, 2020, he was subjected to torture while in federal custody. The complaint contains two counts. In Count I, plaintiff alleges the tort of outrage, physical torture, and gross misuse of restraints. In Count II, he alleges mental torture, misuse of physical beatings and segregation/isolation.

In pages attached to the complaint, plaintiff states that in 2011, he spent the summer in a cell with no mattress, clothing, or reading material. He states that in 2012, he was forced to share a cell with a mentally ill inmate and was sexually assaulted. He states that staff placed a piece of metal in his personal property, and that as a result he was transferred to USP-Lewisburg, PA. He claims that he was physically assaulted by staff at USP-Lewisburg

and USP-Hazelton, West Virginia.

He seeks damages for injury to his thumb and for mental anguish. However, he states that he filed a lawsuit in 2012 in the U.S. District Court for the Middle District of Florida concerning a broken thumb. That action was dismissed for failure to state a claim for relief.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The court's review of the complaint reveals that this matter is not properly filed in the District of Kansas. The complaint does not present any events that occurred in Kansas and does not identify any of the defendants as a resident of Kansas.

Under 28 U.S.C. § 1391(b):

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated….

28 U.S.C. § 1391(b)(1)-(2).

Accordingly, venue is not proper in the District of Kansas. Because the complaint identifies unrelated events that occurred in different correctional institutions at different times, the plaintiff must present his claims in separate actions in the districts where the events occurred.

The court therefore will direct plaintiff to show cause why this matter should not be dismissed without prejudice for lack of venue.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **January 25, 2022,** plaintiff shall show cause why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 11th day of January, 2022, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
Senior U.S. District Judge